

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 21, 1972

Senator Joe Christie
Chairman, Senate Nominations
   Committee
Senate Chamber, State Capitol
Austin, Texas 78711

Dear Senator Christie:

Opinion No. M-1163

Re: Whether certain named
persons qualify for
appointment as members
of the Texas Cosmetology
Commission.

Your request for an opinion reads as follows:

"The Senate Nominations Committee requests an opinion from your office regarding the qualifications of Mrs. LaVonne Daniel, Mr. Herbie Cohen, Mr. Frank Joseph, and Mr. Harold Grace to be members of the Cosmetology Commission.

"Under section 2(a) of H.B. 156 (62nd Legislature, Regular Session, 1971), the Governor is empowered to appoint representatives of certain facets of the beauty industry to positions on the Commission. Section 2(b) of the Act requires that each appointee shall have been actively engaged in his respective area for a period of five years prior to his appointment.

"Mrs. LaVonne Daniel was appointed as a holder of a valid operator license. In fact, Mrs. Daniel has been employed as a Cosmetology Vocational Instructor at Smiley High School in Houston for the last several years.

"Mr. Herbie Cohen was appointed as the holder of a valid private beauty culture school license who has no direct or indirect interest in a beauty shop. Mr. Cohen is alleged to have owned and operated a beauty shop in Marshall, Texas until April, 1971. Since that time, Mr. Cohen has been co-owner with his father-in-law of a beauty school in Longview, Texas.

-5671-

"Mr. Frank Joseph was appointed as the holder of a valid beauty shop license who has no direct or indirect affiliation or interest in a private beauty school.  Mr. Joseph was the holder, at the time of his appointment of a Cosmetology Instructor's License as well as a beauty shop license.

"Mr. Harold Grace was appointed as the holder of a wig salon license.  Under the facts presented, do the above named persons qualify as members of the Texas Cosmetology Commission?"

Subdivision (a) and (b) of Section 2 of House Bill 156, Acts of the 62nd Leg., Regular Session 1971, Chapter 1036, Page 3389*, provides:

"The Texas Cosmetology Commission is created. The commission shall be composed of one member holding a valid beauty shop license who has no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school; one member holding a valid private beauty culture school license who has no direct or indirect affiliation with or interest, financial or otherwise, in a beauty shop; one member holding a valid operator license; one member holding a valid wig specialist, wig instructor, wig salon, or wig school license who has no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school or beauty shop; and two members of the general public who are not licensees under this Act and who have no direct or indirect affiliation with or interest, financial or otherwise, in any facet of the beauty industry.  The Associate Commissioner for Occupational Education and Technology of the Texas Education Agency or his authorized representative shall as part of his duties serve as an ex officio member of the commission with voting privileges.  Members

---

*Codified by Vernon as Art. 734c, Vernon's Penal Code.

shall be appointed without consideration of race, color, religion, sex, or national origin.

"(b)   To qualify as a member, a person must be a citizen of the United States and a resident of Texas, at least 25 years of age, and actively engaged in the area which he represents for a period of five years immediately preceding appointment."

The qualifications for membership on the Cosmetology Commission are therefore prescribed by the above quoted provisions and, under the facts stated in your request, these qualifications are applied as follows:

(1)   Mrs. LaVonne Daniel -- You state in your request Mrs. Daniel was appointed as a holder of a valid operator license.  Subdivision (b) of Section 2 above quoted requires such appointee to be "actively engaged in the area which he represents for a period of five years immediately preceding appointment".  Section 15 states that a holder of an operator license may perform for compensation "any practice of cosmetology" with certain exceptions not applicable here.

We assume under the facts submitted that Mrs. Daniel is a holder of a valid operator license and, as a cosmetology vocational instructor at Smiley High School, has been performing "the practice of cosmetology", as defined, for a period of five years immediately preceding the appointment.

(2)   Mr. Herbie Cohen -- You state in your request that Mr. Cohen was appointed as a holder of a valid beauty culture school license.  You further state in your request that Mr. Cohen "is alleged to have owned and operated a beauty shop in Marshall, Texas until April, 1971.  Since that time, Mr. Cohen has been co-owner with his father-in-law of a beauty school in Longview, Texas".

Subdivision (a) of Sec. 2 prohibits such a member from having any direct or indirect affiliation with or interest, financial or otherwise, in a beauty shop.  The facts stated in your request show an affiliation with and an interest in a beauty school but does not show an affiliation or interest in a beauty shop since April, 1971.  These facts do not show Mr. Cohen to have any direct or indirect affiliation with or interest, financial or otherwise, in a beauty shop.

(3)  Mr. Frank Joseph -- You state in your request that Mr. Joseph was appointed as a holder of a valid beauty shop license.  We do not find any provision in Sec. 2 prohibiting such appointee from also holding an instructor's license.  Such appointee has no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school.  There is no fact stated in your request which disqualifies Mr. Joseph under the provisions of Sec. 2 of House Bill 156.

(4)  Mr. Harold Grace -- You state that Mr. Grace was appointed as the holder of a wig salon license.  No other facts are stated with regard to Mr. Grace's qualifications in your request.  The qualifications for such an appointee under Sec. 2(a) are that such appointee have no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school or beauty shop.

The facts presented by you do not preclude the qualification of any person named; on the other hand, neither are the facts before us conclusive of their statutory qualification. This office is without authority to determine such fact questions. Attorney General's Opinion No. M-847 (1971).

### S U M M A R Y

Qualifications of members of the Cosmetology Commission are prescribed in Sec. 2 of House Bill 156, Acts of the 62nd Leg., Regular Session, Chapter 1036, page 3389.  Whether an individual meets these qualifications presents primarily questions of fact.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Lattimore
Bob Gauss
Charles Lind
James Quick

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant